[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The wife, whose maiden name was Nancy Stack, and the husband, Jay Stabler, were intermarried at Bridgeport, Connecticut on September 7, 1968.
One of the parties to this marriage for at least twelve months next preceding the date of filing of this complaint has been a resident of the state of Connecticut.
The marriage has broken down irretrievably.
There are no minor children issue of this marriage.
Neither party of this action is receiving State Aid from this State.
No individual or agency is presently responsible by virtue of judicial award for the custody or support of any such minor children above mentioned.
This is a marriage of 25 years. The defendant is employed by United Technologies and his wife is employed by EDO Barnes. The wife's claim as the cause of the breakdown is the adulterous conduct of the defendant husband. The husband in open court under oath admitted the immorality. This was further substantiated by the testimony of the two women who shared in the adulterous relationship. However, the wife CT Page 6089 admitted an adulterous affair during the first ten years of their marriage. The condonation by the husband is implied because of his continuous years of marriage without any overt action because of this conduct. In addition, the wife seems to have condoned the initial affair of the husband based upon certain contractural [contractual] obligations by the husband. However, the husband failed to comply with the obligations and initiated another adulterous affair after any possible condonation.
The plaintiff seeks alimony and the court concurs that a marriage of 25 years has that substantial right. Therefore, the court awards the plaintiff $100 weekly.
The marital home located at 40 Clinton Drive in Huntington, Connecticut, despite the dispute in testimony, the amount of the equity is in the approximate vicinity of $30,000. Therefore, the court directs the defendant husband to quitclaim his interest in the real estate to the plaintiff. The plaintiff wife shall maintain all mortgages and any other costs associated with said property. Because of the defendant quitclaiming his interest in the real property, the defendant shall maintain all rights to his pension plan and his 401K plan.
Each party shall be the owner of the vehicle in their respective possession. The defendant shall be responsible for the outstanding balance on the plaintiff's vehicle.
The personal property consisting of the furniture shall be the property of the plaintiff. The defendant may have all the property listed on the plaintiff's prayer for relief whereby she indicates he has the right to said property.
Attorney's fees shall be the responsibility of each party.
The defendant husband shall assume the loan to repair the furnace of the real property in question and the consolidation of a family debt.
There is exposure for educational debts of the daughters and the court finds that the primary obligation is of the daughters and cannot anticipate any default in the loan.
The Fisher stereo claimed by the plaintiff is to be CT Page 6090 awarded to the husband. All tools located in the premises shall be awarded to the defendant. The television and the television cart shall be awarded to the defendant. The snow blower and the John Deere mower shall be retained by the plaintiff. The gas grill is to remain on the premises. All other personal property is awarded to the plaintiff.
The plaintiff shall retain all rights to any pension plan, savings account, stocks and bonds, jewelry and any checking account.
Each party shall maintain their own medical insurance.
The plaintiff indicated under oath on the stand that she had ovarian cancer. Upon cross-examination it was determined that no cancer existed.
Philip E. Mancini, Jr. State Trial Referee